UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL M. SALAMI #879045,

    Plaintiff,                                                     Hon. Hala Y. Jarbou

v.                                                                      Case No. 1:20-cv-1245

JARED BARTON, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before me on Defendant Jared Barton's Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 22.) Plaintiff has failed to respond to Defendant's motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c). Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendant's motion be **GRANTED**.

Plaintiff, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC) at the Charles Egeler Reception and Guidance Center, sued several MDOC employees pursuant to 42 U.S.C. § 1983. Plaintiff alleged that Defendants were deliberately indifferent to her rights under the Eighth Amendment by failing to protect her from another prisoner on November 24, 2020, while she was housed at Carson City Correctional Facility (DRF).[1] Following initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), Plaintiff's remaining claim in this case is against Defendant Barton. (ECF Nos. 8, 9.)

Defendant Barton moves for summary judgment based on Plaintiff's failure to exhaust her administrative remedies. Generally, where the non-moving party fails to respond to a motion for

---

[1] Plaintiff has been diagnosed with gender dysphoria and uses feminine pronouns.

1

summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which Defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendant]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019).

In support of his motion, Defendant Barton attaches a Step III Grievance Report showing grievances that Plaintiff exhausted through Step III during the relevant time period. (ECF No. 23-3.) Defendant notes that the Step III report shows that Plaintiff only pursued one grievance through Step III arising out of an event that occurred at DRF in November 2020. Plaintiff filed that grievance at Step I on November 18, 2020—prior to the date of the incident at issue in this case. (*Id.* at PageID.192.) The issue pertained to a failure to accommodate Plaintiff's religious beliefs and did not concern Defendant Barton or the incident in question. (*Id.*) The Step III report shows that Plaintiff did not pursue any other grievance through Step III relating to an event that occurred

2

at DRF in November 2020. (*Id.* at PageID.177.) Accordingly, Defendant has met his burden of demonstrating that Plaintiff failed to exhaust her administrative remedies with regard to the claim at issue.

## CONCLUSION

For the foregoing reasons, I recommend that Defendant's motion for summary judgment (ECF No. 22) be granted, that Plaintiff's claim against Defendant Barton be **dismissed without prejudice**, and that this matter be closed.

Dated: March 8, 2022                                       /s/ Sally J. Berens
                                                                                 SALLY J. BERENS
                                                                                 U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).